IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HELBIG, *et al*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. JMC–17–02528 |
| University of Maryland St. Joseph Medical Center Foundation, Inc., | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

By consent of the parties, this case was referred to me for all further proceeding. (ECF No. 12). Presently pending before the Court is Defendant's Motion to Compel [third party] Fink and Carney Reporting and Video Services' ("Fink & Carney") Compliance with Subpoena and Court Order and Request for Fees and Costs. (ECF No. 30). The Court also reviewed Fink & Carney's Opposition.[1] (ECF No. 59). As set forth more fully below, Defendant's Motion is GRANTED in part and DENIED in part.

I.  **BACKGROUND**

By way of background, this is a medical malpractice action before the Court based on its diversity jurisdiction after Plaintiffs' complied with the provisions of Maryland's Health Care Malpractice Claims Act, §§ 3-2A-01, *et seq*, Md. Cts. & Jud. Proc. Code Ann. (the "Act"),

---

[1] The Court notes that for purposes of this motion, Fink & Carney is represented by Plaintiffs' counsel, likely because the third party production concerns information related to one of Plaintiffs' expert witnesses, Dr. Martin Gubernick. Defendants have also issued a subpoena to Dr. Gubernick himself concerning similar subject matter related to his work as an expert witness, however the validity of and compliance with that subpoena is not addressed in this opinion and order.

which, as a condition precedent, requires that medical malpractice claims are first filed with Maryland's Health Claims Alternative Dispute Resolution Office. Once a plaintiff files a valid Certificate of Merit and accompanying expert report, a plaintiff may unilaterally waive out of Health Claims jurisdiction and re-file in an appropriate state or federal court pursuant to §3-2A-06B of the Act, as Plaintiffs have done here.

Because this is a medical malpractice case, the parties have identified expert witnesses, including Dr. Martin Gubernick, a standard of care witness for the Plaintiffs. Dr. Gubernick practices Obstetrics and Gynecology in New York City. Dr. Gubernick has been designated as an expert witness on previous occasions, and has provided both trial and deposition testimony in such cases. Fink & Carney is a well-known court reporting and deposition hosting service in Manhattan. Because of its reputation and convenient location, Fink & Carney is a frequent deposition site choice for lawyers and witnesses in the Greater New York City area, such as Dr. Gubernick.

The Act prevents expert witnesses devoting more than 20% of their professional time to medical-legal work from offering standard of care testimony at trial. *Id*. at 3-2A-04(b)(4).[2] Defendant is, therefore, trying to develop evidence that Dr. Gubernick's expert work exceeds this limit such that he would be excluded from offering standard of care testimony at trial. (ECF No. 43 at 3-4). Additionally, Defendant is attempting to develop impeachment material as to Dr. Gubernick, including trying to gather information on the volume his medical-legal activities and therefore portray him as a "professional witness." (ECF No. 30 at ¶ 9).

---

[2] That section also prevents such an expert from executing a Certificate of Merit. Dr. Gubernick, however, did not execute Plaintiffs' Certificate of Merit.

Towards those goals, on May 15, 2018, Defendant served a subpoena *duces tecum* on Fink & Carney in New York seeking documents related to Dr. Gubernick's deposition activity at Fink & Carney for the past five years. (ECF No. 38-1). Fink & Carney, through New York counsel, filed a Motion to Quash or Modify as a miscellaneous case in the United States District Court for the Southern District of New York raising various arguments about burden and confidential business information. (ECF No. 38). On July 9, 2018, the Honorable Katherine B. Forrest held that although the information sought was relevant to the issue of Dr. Gubernick's ability to give standard of care testimony under the Act's "20% Rule," strict compliance with the subpoena would be unduly burdensome to Fink & Carney. (ECF No. 30-1). Thus, while Judge Forrest denied the motion to quash, she did grant a modification of the subpoena's requirements, limiting Fink & Carney's required response to a three-year period, and limiting the content of that response to providing the name of the case in which Dr. Gubernick was deposed, date of the deposition, and the names of attending counsel if otherwise reasonably obtainable by Fink & Carney from a centralized source or database. *Id*. By agreement of counsel, the compliance date for the subpoena as modified was extended to August 20, 2018. (ECF No. 30-2).

In the meantime, Defendant filed a separate letter in the miscellaneous case seeking to compel compliance with a subpoena previously served on Dr. Gubernick himself. Plaintiffs moved (with Dr. Gubernick's consent) to transfer that issue to this Court pursuant to Rule 45(f) of the Federal Rules of Civil Procedure, a motion granted by Judge Forrest on August 16, 2018. (ECF No. 30-3). After the parties sought clarification, Judge Forrest further ordered on August 23, 2018 that her previous transfer order applied to the entire case, including any future motion to compel Fink & Carney's compliance with Judge Forrest's July 9, 2018 order for modified compliance. (ECF No. 30-4).

## II. DISCUSSION

On August 30, 2018, Defendant filed the instant Motion to Compel seeking Fink & Carney's compliance with Judge Forrest's August 16, 2018 order. (ECF No. 30). In sum, Defendant argues that the transfer should have no effect on Fink & Carney's previously promised compliance with Judge Forrest's lawful order. For its part, Fink & Carney urges the Court to revisit Judge Forrest's ruling. In particular, Fink & Carney asks this Court to find that the Act's "20% Rule" of witness exclusion is in conflict with Rule 702 of the Federal Rules of Evidence governing testimony by an expert witness that contains no such restriction. Fink & Carney further argues that if the 20% Rule is inapplicable in federal court, there is no longer any relevance to the information Defendant seeks.

The Court need not, at this time, reach the question of whether the Act's 20% Rule also operates as a rule of witness exclusion in federal court so as to provide appropriate justification for the information that Defendant seeks from Fink & Carney.[3] Whether or not the 20% Rule applies, the information sought is relevant to attempt to impeach Dr. Gubernick as to the magnitude of his expert witness activities in general, particularly if, as Defendant seems to suggest, it might contradict testimony that Dr. Gubernick may have given on that topic in the past. (ECF No. 43 at 4 and n.4). This could then allow Defendant to try to characterize Dr. Gubernick to the jury as a professional witness whose medical opinions should be discounted.[4] The Court also sees no reason to re-weigh the burden and confidentiality arguments already addressed by Judge Forrest, especially in the face of Fink & Carney's previous willingness and

---

[3] Were the Court inclined to address that issue, at first blush, the Act's 20% Rule's imposition of additional requirements for the admissibility of expert witness testimony beyond those set forth in FRE 702 give the Court significant pause.

[4] The Court expresses no opinion on whether the subpoena results ultimately would support such an argument or whether such arguments would be effective impeachment in the jury's view.

ability to comply with that order within a reasonable timeframe. (ECF Nos. 30-2 and 30-5). Accordingly, Fink & Carney will comply with Judge Forrest's July 9, 2018 order on or before October 12, 2018.

The parties (and subsequent parties) are cautioned that, by this opinion, this Court is not giving its blessing to wholesale, intrusive discovery of a proposed expert witness's medical-legal activities or financial records as a matter of course. The prospect of being subject to such discovery can have a chilling effect on an expert witness's willingness to participate on behalf of a party, something that, as a matter of public policy, is of concern particularly where it involves an ancillary issue.

The Court is also aware of the burdens that such discovery can place upon third-party businesses, such as Fink & Carney, should they be continually called upon to respond to subpoenas and discovery and to disclose information about their customers and business. The Court's willingness to enforce such efforts will depend on an individualized analysis of the particular circumstances of the case and their interplay with the relevancy, proportionality, and efficiency requirements contained in the Federal Rules of Civil Procedure. Of significance in this case are Judge Forrest's conclusions in weighing the compliance burdens in this particular case and Fink & Carney's previous willingness and ability to comply with that ruling. (ECF Nos. 30-2 and 30-5). This does not, however, preclude Fink & Carney or other third parties from raising such arguments with regard to future subpoenas and/or in future cases.

As for Defendant's request for fees and costs, it is denied. Fink & Carney has acted in good faith in its communication with the Southern District, this Court, and Defense Counsel as it sorted through the jurisdictional issues presented in this matter, and no serious prejudice to Defendant has resulted from the delay.

Finally, should the Defendant still seek to compel compliance with the subpoena served on Dr. Gubernick, it should advise the Court and Plaintiffs' counsel by October 5, 2018, including (should it wish to go forward) whether it would like to do so based on the letters on this issue previously filed with Judge Forrest, new letter pleadings before this Court, or more formal briefing.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel [third party] Fink & Carney's Compliance with Subpoena and Court Order, (ECF No. 30), is GRANTED in accordance with Judge Forrest's previous order, but DENIED as to Defendant's request for fees and costs.

Dated: October 2, 2018          /s/
                                J. Mark Coulson
                                United States Magistrate Judge